**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BENJAMIN LEVINE,<br><br>          Plaintiff,<br><br>          v.<br><br>BRIAN D. GILLET, et al.,<br><br>          Defendants. | Civil Action No. 18-12571 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court upon pro se Plaintiff Benjamin Levine's ("Plaintiff") *in forma pauperis* application ("IFP Application") under 28 U.S.C. § 1915. (IFP Appl., ECF No. 7.) The Court will grant Plaintiff's application pursuant to § 1915 but dismiss the Complaint for lack of subject-matter jurisdiction.

**I.    BACKGROUND**

      Plaintiff proceeds pro se in this matter. Although his filing appears on this Court's civil docket, Plaintiff seeks to remove a New Jersey state court criminal action. (Compl. *2, ECF No. 1.[1]) The criminal action resulted in Plaintiff's convictions for the practice of medicine without possession of a license and for insurance fraud. (*Id.*) The Complaint alleges that Plaintiff was wrongfully convicted in state court and suffered damages as a result of those convictions. (*See generally id.*) Plaintiff attempted to appeal his convictions to the Supreme Court of New Jersey,

---

[1] Page numbers preceded by an asterisk refer to the page number on the ECF header.

but his petition was denied on July 20, 2018. (Ex. B to Compl., ECF No. 1-2.) Subsequently, Plaintiff initiated the present action before this Court claiming various unspecified forms of relief, among which is the overturning of his state court criminal convictions. (*See* Compl. *10–12, ECF No. 1.) It appears from the pleadings that Plaintiff is not currently in prison or otherwise in custody. (*See* Pl.'s Letter *2, ECF No. 8; *see also* IFP Application *6–7, ECF No. 7.)

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and may not decide a matter in the absence of federal subject-matter jurisdiction. *See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701–02 (1982). "This Court has an independent obligation to satisfy itself that it has subject-matter jurisdiction." *Jackson v. Fererretti*, No. 08-5702, 2009 WL 192487, at *1 (D.N.J. Jan. 26, 2009) (dismissing a complaint sua sponte which was filed pursuant to 28 U.S.C. § 1915 for lack of subject-matter jurisdiction) (citing Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")).

To the extent that Plaintiff attempts to remove a criminal action from New Jersey state court to federal court, 28 U.S.C. §§ 1442, 1442a, 1443, and 1455 govern federal criminal removal subject-matter jurisdiction. To the extent that Plaintiff files the present action on this Court's civil docket, 28 U.S.C. §§ 1331 and 1332(a) govern federal original subject-matter jurisdiction.

## III. DISCUSSION

Plaintiff's Complaint does not provide a basis for federal subject-matter jurisdiction.

### A. No Basis to Exercise Removal Jurisdiction for Criminal Actions

To the extent that Plaintiff attempts to remove a criminal action from New Jersey state court, Plaintiff fails to establish this Court's removal jurisdiction.

2

First, 28 U.S.C. §§ 1442 and 1442a provide for removal of criminal actions from state court where the United States or any agency thereof is a party, or where Court officers, members of Congress or members of the armed forces of the United States are charged with state crimes. *See* 28 U.S.C. § 1442; 28 U.S.C. § 1442a. Here, the parties are the State of New Jersey and private citizens (Compl. *1–2, ECF No. 1), and thus the provisions of 28 U.S.C. §§ 1442 and 1442a provide no basis for the Court to exercise removal jurisdiction.

Second, 28 U.S.C. § 1443(1) provides for removal of state criminal proceedings "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States[.]" 28 U.S.C. § 1443(1). A removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. *See Georgia v. Rachel*, 384 U.S. 780, 792 (1966). The first prong requires that the right allegedly denied arise under a federal law "providing for specific civil rights stated in terms of *racial* equality." *Id.* (emphasis added). The second prong requires the petitioner to demonstrate that he is "denied or cannot enforce" his federal rights "in the courts of the [the] State." *Rachel*, 384 U.S. at 794 (internal quotation marks omitted). Here, Plaintiff has failed to satisfy either prong of the test set forth in *Rachel*. The Court, therefore, finds that it has no basis to exercise removal jurisdiction under 28 U.S.C. § 1443(1).

Third, 28 U.S.C. § 1443(2) provides for removal of state criminal proceedings "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). This provision "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *Greenwood v. Peacock*, 384 U.S. 808, 824 (1966). Here, Plaintiff is a private citizen

3

charged with state crimes in his capacity as a private citizen. (Compl. *2, ECF No. 1.) Accordingly, 28 U.S.C. § 1443(2) provides no basis for the Court to exercise removal jurisdiction.

Fourth, 28 U.S.C. § 1455 specifies the procedure for removal of criminal proceedings. 28 U.S.C. § 1455. Under that provision, the removing petitioner must file a notice of removal "no later than 30 days after the arraignment in the State court, or at any time *before* trial, whichever is earlier . . . ." 28 U.S.C. § 1455(b)(1) (emphasis added). Here, Plaintiff's removal petition is untimely because he commenced the present action on August 6, 2018, *after* the state court already rendered a final judgment in state court. (*See* Compl. Ex. B, ECF No. 1-2) (indicating that the state court rendered final judgment on or before July 20, 2018, the date the Supreme Court of New Jersey denied Plaintiff's motion for reconsideration of the court's order denying the petition for certification). Accordingly, even if Plaintiff established a statutory basis for removal jurisdiction, the Court would not exercise removal jurisdiction over this matter.

### B.     No Basis to Exercise Original Jurisdiction for Civil Actions

To the extent that Plaintiff files the present action on this Court's civil docket, Plaintiff fails to establish this Court's original jurisdiction for the following reasons.

#### 1.     No Federal Question Jurisdiction

First, 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff does assert that his federal rights were violated. (*See generally* Compl., ECF No. 1.) Specifically, Plaintiff asserts that while his case was still in state court, (1) his Fourth Amendment right was violated as a result of alleged unreasonable searches and seizures at his place of work; (2) his Fifth and Sixth Amendments rights were violated as a result of alleged lack of arraignment or an untimely arraignment; and (3) his Fourteenth Amendment right was violated

as a result of the alleged withholding of exculpatory e-mail messages. (Compl. *2–4, 11–12, ECF No. 1.) Plaintiff's above assertions, however, do not provide a basis for this Court to establish original jurisdiction pursuant to 28 U.S.C. § 1331 because such jurisdiction is barred by the *Rooker-Feldman* Doctrine.

According to the *Rooker-Feldman* Doctrine, lower federal courts cannot entertain a proceeding to reverse or modify state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) (citation omitted). If a state court decision was wrong, that "did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding[,] [and] [u]nless and until so reversed or modified, it would be an effective and conclusive adjudication." *Id.* at 415 (citations omitted). In practice, the *Rooker-Feldman* Doctrine bars lower federal courts from exercising subject-matter jurisdiction over claims that are "inextricably intertwined" with state court determinations. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983). When applying the *Rooker-Feldman* Doctrine, courts in the Third Circuit seek to determine "first, if the federal claim was actually litigated in state court prior to the filing of the federal action, or, second, if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." *In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005).

Here, Plaintiff's federal claims before this Court were all litigated in state court, and the state court rejected the claims prior to the filing of the present action. *See* Brief on Behalf of the State of New Jersey at 8–9, *New Jersey v. Levine*, No. A-2421-15T1, 2017 WL 11450292, at *8–9 (N.J. Super. Ct. App. Div. Feb. 10, 2017) (arguing lack of arraignment, prosecution withholding exculpatory evidence, and inadequate fact-finding by state trial court). Under the *Rooker-Feldman* Doctrine, federal courts may not conduct appellate reviews of state court judgments. *See in re*

*Knapper*, 407 F.3d at 580 ("The *Rooker-Feldman* [D]octrine prevents 'inferior' federal courts from sitting as appellate courts for state court judgments[.]"). Plaintiff's federal claims, therefore, do not provide this Court with federal question jurisdiction as these claims are barred by the *Rooker-Feldman* Doctrine.

### 2. No Diversity of Citizenship Jurisdiction

Finally, 28 U.S.C. § 1332(a) provides federal district courts with original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 between citizens of different States. 28 U.S.C. § 1332(a). Here, Plaintiff does not plead the amount of controversy in his Complaint (*see generally* Compl.), and as a citizen of the State of New Jersey, Plaintiff is suing the State of New Jersey as well as three other private citizens of New Jersey. (Compl. *1–2.) Plaintiff, accordingly, has not established diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

## IV. CONCLUSION

In sum, the Court grants Plaintiff's application to proceed *in forma pauperis* but dismisses the Complaint for lack of subject-matter jurisdiction.

*Mashipp*

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**